*257
 
 Nash, J.
 

 It appears to us that a mere statement of the facts is an answer to the charge. At the time the act complained of was committed, the defendant was the servant of Barker, and as a.hireling, was engaged in
 
 his
 
 business, in carring the pistol and other articles, from the place of his residence to that of his employment. It is not pretended, that this employment was simulated, and intended or used as a cloak to avoid the law. We must presume therefore that the contract was made in good faith between Barker and the defendant, and that the latter in good faith was executing it. Can it be possible, that'under the Act of 1840, the defendant was guilty of a criminal act ? The object of the legislature was to prevent the owning or possessing, by this class of persons, of the offensive weapons enumerated, as dangerous to the peace of the community and the safety of individuals. But that they did not intend, that they should not be owned or possessed by any person of colour, is evident from the fact, that they have rendered the possession lawful in one contingency. Degraded as are these individuals, as a class, by their social position, it is certain, that among them are many, worthy of all confidence, and into whose hands these weapons can be safely trusted, either for their own protection, or for the protection of the property of others confided to them. The County Court is, therefore, authorised to grant a licence to any individual they think proper, to possess and use these weapons. It is an old maxin in the construction of statutes, that he who sticks to the letter, adheres to the bark. Every legislative act ought to receive a reasonable construction; such as carries out the legislative will. The act charged against the defendant does not come within the limit or scope of the statute of 1840. He did carry with him a pistol, but it was not unlawfully carried. He was complying with a ‘ contract, he had a right
 
 to
 
 make, the mere carrier of the pistol for hire, claiming
 
 *258
 
 nof title to the instrument or right to use it, and without any purpose, or intention so to do.
 

 Ordered to be certified that there is no error.
 

 Pee Curiam. Judgment affirmed.